JAMES S. COX and JAMES BOYCE, Appellants, v. WILLIAM E. DORWIN, Respondent.

*Bankruptcy proceedings — a stay of proceedings during their pendency, "until the further order of the court," is vacated by the receipt of his discharge by the bankrupt — U. S. Rev. Stat., sec. 5106.*

While this action was pending an order was made by the District Court of the United States for New Jersey, in bankruptcy proceedings instituted against the defendant, staying generally, all proceedings by his creditors during the pendency of such proceedings, "until the further order of the court." Thereafter the defendant received a discharge in bankruptcy, whereupon the plaintiffs entered a judgment against him by default in this action.

*Held,* that the defendant's discharge vacated the stay; and that the plaintiff's practice was regular.

Appeal from order of the Special Term staying the plaintiffs' proceedings, and granting leave to the defendant to plead his discharge in bankruptcy.

*John Brooks Leavitt,* for the appellants.

*Remington Vernam,* for the respondent.

MACOMBER, J. :

The sole ground for the defendant's motion at the Special Term was an order granted by the District Court of the United States for New Jersey, in bankruptcy, staying, generally, all proceedings of creditors of the defendant pending his proceedings in bankruptcy. This stay was respected by the plaintiffs and their attorney until after they were apprised that the defendant had received his discharge in bankruptcy, and thereupon judgment was entered as upon a default.

The plaintiffs' counsel contends, and, as we think, correctly, that the defendant's discharge necessarily vacated the stay. The bankruptcy court, having only statutory and restricted jurisdiction, could not lawfully grant a longer restriction against creditors of the bankrupt who were pursuing their remedies in the State court. The provisions of the Revised Statutes of the United States is as follows :

SECTION 5106. "No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge shall have been determined ; and any such suit or proceeding shall, upon the application of the bankrupt, be staid to await the determination of the court in bankruptcy on the question of the discharge," etc.

Nor is there anything in the order of the bankruptcy court which goes any further than the statute permits. The restraining order was only "until the further order of the court." The discharge in bankruptcy by necessary application was such a further order in the premises as permitted the plaintiffs to proceed with their action. (See Bump's Bankruptcy [10th ed.], 700 *et seq ; In re M. Rosenberg*, 2 B. R., 81.)

That part of the order permitting the defendant to plead his discharge in bankruptcy is not supported by any of the papers upon which it was granted. The motion below was solely upon the ground that it was not competent for the plaintiff to enter up judgment while the restraining order still existed. Failing in that, this application should have been denied.

The order appealed from should be reversed, with the usual costs, but without prejudice to the defendant, upon suitable papers, to

come in and interpose as a defense his discharge in bankruptcy, and such other defense as may exist.

DAVIS, P. J., concurred.

Present — DAVIS, P. J.; DANIELS and MACOMBER, JJ.

So ordered.